369 F.2d 396
 In the Matter of Edna Emma Norden, Debtor.
Edna Emma NORDEN et al., Appellants,
v.
Noreen G. BENGSTON et al., Appellee.
In the Matter of Edna Emma Norden, Debtor.
Edna Emma NORDEN et al., Appellants,
v.
MADISON BANK AND TRUST COMPANY, Executor of the Estate of C. H. Alsmeyer, Deceased, Appellee.
 No. 15538.
 No. 15551.
 United States Court of Appeals Seventh Circuit.
 October 6, 1966.
 Rehearing Denied November 8, 1966.
 
 Samuel L. Brugger, James O. Onderdonk, Madison, Wis., for appellants.
 Noreen Gough Bengston, Madison, Wis. for appellee.
 Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 These appeals are taken from final orders by the United States District Court for the Western District of Wisconsin in the matter of Edna Emma Norden, debtor, who voluntarily sought the protection afforded by the provisions of Chapter XI of the Bankruptcy Act. 11 U.S.C.A. §§ 701-799.
 
 
 2
 In No. 15538, the court affirmed the appointment of a receiver by the Referee in Bankruptcy and dismissed the debtor's petition for review. On the debtor's petition for rehearing, the court reaffirmed its prior order affirming the appointment of a receiver. This appeal followed.
 
 
 3
 In No. 15551, the court affirmed an order entered by the Referee in Bankruptcy vacating a prior order entered by another Referee restraining the Madison Bank & Trust Company, and others, from proceeding with the sale of lands belonging to the debtor pursuant to a certain final judgment of foreclosure entered in a Wisconsin state court. On the debtor's petition for rehearing, the court reaffirmed its prior order affirming its approval of the Referee's order lifting the stay against further proceedings in the state foreclosure action. This appeal followed.
 
 
 4
 In No. 15538, the contradictory use of the words "trustee" and "receiver" did not serve to invalidate the appointment of a receiver. Other contentions advanced by appellant are without merit.
 
 
 5
 In No. 15551, the validity of the foreclosure judgment in the state court is challenged. The state courts are the appropriate forum for such challenge. It appears that such a challenge was unsuccessfully attempted. The Referee was entirely reasonable in his decision not to frustrate further the collection of this secured obligation.
 
 
 6
 The record reveals that the district court gave careful attention to the debtor's contentions in both matters under review here and announced clearly and correctly its reasons for its rulings. Our examination of the record and of the court's memoranda in support of its rulings leads us to the conclusion that the district court did not err in entering the orders subject to these appeals.
 
 
 7
 The orders in No. 15538 and in No. 15551 appealed from herein are affirmed.
 
 
 8
 Affirmed.